Rochelle N. Belnap
Belnap & Forbes, PLLC
700 E Baseline Rd. Ste C-3
Tempe, AZ 85283
State Bar No. 029172
Fax: (480) 907-7126
rbelnap@belnapforbes.com
Tel:  (480) 907-6088

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett Stapleton and Monica Stapleton, husband and wife,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>U.S. Bank, N.A., a subsidiary of U.S. Bancorp, a Delaware corporation; Equifax, Inc., a Georgia corporation; Experian Information Solutions, Inc., an Ohio corporation; & Trans Union, LLC, a Delaware limited liability company.<br><br>　　　　Defendants. | No: _____<br><br>**COMPLAINT** |

COMES NOW the Plaintiffs, Brett Stapleton and Monica Stapleton, husband and wife, by and through undersigned counsel, for its claims against the Defendants, alleges as follows:

## THE PARTIES

1. Plaintiffs, Brett Stapleton and Monica Stapleton, husband and wife, are residents of the State of Arizona and former owners of property located at 6988 W. Firebird

Dr., Glendale, AZ 85308 (herein the "Glendale Property").

2. Defendant, U.S. Bank N.A., a subsidiary of U.S. Bancorp, upon information and belief, is a national bank, who serviced the mortgage for the Plaintiffs' Glendale Property and is authorized to do business in Maricopa County, Arizona.

3. Defendants, Equifax, Inc., herein "Equifax," Experian Information Solutions, Inc., herein "Experian", and Trans Union, LLC, herein "Transunion," upon information and belief, are credit reporting agencies pursuant to the Fair Credit Reporting Act, and furnish consumer credit reports, including credit information of the Plaintiffs.

## PRELIMINARY STATEMENT

4. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees, including recovery for emotional distress, humiliation, and defamation for False Reporting brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act), Negligence/Negligent Misrepresentation and Fraudulent Misrepresentation pursuant to the Restatement (Second) of Torts §§ 282, 401, 531, 552, for Breach of the Implied Covenant of Good Faith and Fair Dealing, and Slander of Credit.

5. In December 2012, Plaintiffs obtained a copy of their credit reports and discovered that Defendant, US Bank, was reporting inaccurate information about their former second mortgage including that Plaintiffs owed a past due balance of $6,202, had a current unpaid balance of $66,332, and the account was reported as an *unpaid* "charge off." These errors are herein referred to as the "creditor representation." **Exhibit A.**

6. The creditor representation is in error because the property used to secure the debt was sold through short sale proceedings in September 2012, and pursuant to the short sale agreement and US Bank's internal records, the Plaintiffs are not personally liable for any deficiency balance resulting from the sale. **Exhibit B.**

7. The Plaintiffs attempted a loan modification and were instructed to miss mortgage payments to qualify, which adversely affected their credit score; however, their application was ultimately denied.

8. The Plaintiffs and Defendant, US Bank, then agreed to dispose of the property through short sale proceedings.

9. During this process US Bank disclosed that they would report the account as a "charge off" with a lien release and that the method of reporting may have a negative impact on the Plaintiff's credit rating. **Exhibit B.**

10. US Bank should not have reported the account in this matter because the second mortgage is a non-recourse debt pursuant A.R.S. §§ 33-729, 33-814; therefore no debt was "charged off" because US Bank had no recourse against Plaintiffs beyond the sale of the collateral.

11. US Bank did not disclose that it would report the "charge off" account as unpaid with an unpaid balance or past due balance.

12. The Plaintiffs have maintained excellent credit and are financially responsible, but when they experienced the short sale they took great strides to improve their financial position and credit rating.

13. When the Plaintiffs discovered the unpaid balance they suffered significant stress,

and found it difficult to concentrate at work, they had difficulty sleeping, and even headaches.

14. The Plaintiffs were embarrassed when they saw the balance because they believed they had negotiated the short sale in a manner to relieve them of the financial burden, and reliving the experience was humiliating.

15. The Plaintiff, Brett Stapleton works in the financial industry and he is required to be and appear financially responsible.

16. The creditor representation mistakenly portrays Mr. Stapleton as a potential risk because of his alleged financial exposure.

17. The Plaintiffs' employers, prospective employers, companies with whom they have accounts or where they want to have accounts, review their credit history and the Plaintiffs unfairly and inaccurately appear to be a financial risk and they continue to suffer continuing humiliation and emotional distress.

18. The Plaintiffs are both experiencing financial harm as a result of the creditor representation as a result of the reporting, and they will potentially continue to be denied financing, specifically mortgage financing, as a result of the creditor representation.

19. Plaintiffs initially disputed the trade line with the credit reporting agencies in accordance with FCRA 15 U.S.C. § 1681i. **Exhibit C.**

20. The credit reporting agencies then informed US Bank of the dispute of information by the Plaintiffs.

21. However, the credit reporting agencies did not evaluate or consider any of

Plaintiffs' information, claims, or evidence and did not make any attempt to substantially or reasonably verify the reporting in violation of FCRA 15 U.S.C. § 1681i.

22. US Bank failed to reasonably reinvestigate the matter as required by FCRA 15 U.S.C. § 1681s-2(b) and subsequently provided "updated" information to with the credit reporting agencies, but the creditor representation remained. **Exhibit D.**

23. Plaintiffs did not believe that Defendant substantially or reasonably investigated the dispute as required by FCRA 15 U.S.C. § 1681s-2(b).

24. Plaintiffs, through undersigned counsel, then wrote a letter to Defendant, US Bank, dated May 13, 2013 disputing the reporting, informed them that the unpaid charge off status was improper, demanded Defendant verify the reporting pursuant to the FCRA 15 U.S.C. §§ 1681i(a)1)(A), 1681s-2(a)(8) and validate the accuracy of the reporting. **Exhibit E.**

25. Defendant, US Bank, failed to respond.

26. Plaintiffs, through undersigned counsel, wrote to Defendant again on two subsequent occasions, and placed multiple telephone calls to US Bank to ascertain whether the creditor representation would be corrected.  **Exhibit E.**

27. Defendant responded on September 11, 2013, but failed to address any of the concerns raised, and instead stated that the Plaintiffs disputed the matter with the credit bureaus, not their office, and that no changes to the payment history would be made. **Exhibit E.**

28. The Plaintiffs' did dispute the payment history with the credit reporting agencies

because US Bank instructed them to become delinquent in order to qualify for a loan modification or short sale, but Plaintiff's did not pursue the matter after receiving a copy of the payment history.

29. Plaintiffs did not correspond with US Bank directly regarding the payment history.

30. On November 24, 2013, Plaintiffs checked their credit report again to determine whether the errors had been corrected; the errors remained and this action was initiated. **Exhibit F.**

## JURISDICTION

31. This Court has jurisdiction over this action under Title 15 of the United States Code § 1681(p).  An action to enforce liability created under the Fair Credit Reporting Act may be brought in any court of competent jurisdiction within two years of the date of discovery of the violation by the Plaintiff or within five years after the date on which the violation occurs.

32. Venue is proper pursuant to 28 USC § 1391 because the claim of action arose in Maricopa County, Arizona.  The note for the mortgage debt was executed in Maricopa County, Arizona.  The subsequent reporting of credit information relating to said note gives rise to this cause of action subject to federal question jurisdiction as a well as diversity jurisdiction.

## FIRST CLAIM FOR RELIEF: FALSE REPORTING

33. Plaintiffs re-allege and incorporates paragraph 1 through 32 above as fully set forth herein.

34. Defendant, US Bank, violated  the FCRA 15 U.S.C. § 1681s-2(b) by continuing to

report the past due balance of $6,202, a current unpaid balance of $66,332, as an *unpaid* "charge off" account within Plaintiffs' credit files without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiffs' dispute of the this Creditor Representation; by failing to review all relevant information regarding same; by failing to accurately respond to the major credit bureaus; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the creditor representation to the consumer reporting agencies.

35. Defendants, Equifax, Experian, and Transunion, violated the FCRA 15 U.S.C. § 1681(e)(b) by failing to investigate and respond within a timely manner, and failing to maintain reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiffs when the credit bureaus reported the account with a past due balance of $6,202, a current unpaid balance of $66,332, and as an *unpaid* "charge off" account knowing that the account was in dispute and receiving notice from Plaintiffs of the inaccuracy.

36. As a result of this conduct, action, and inaction of Defendants, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment.

37. The Defendants, US Bank, Equifax, Experian, and Transunion, conduct, action and inaction were willful, rendering them liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n.  In the alternative, Defendants were negligent entitling Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

38. The Plaintiffs are entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND CLAIM FOR RELIEF: NEGLIGENCE/ NEGLIGENT MISREPRESENTATION

39. Plaintiffs re-allege and incorporates paragraph 1 through 38 above as fully set forth herein.

40. Defendant, US Bank, committed negligence and/or negligent misrepresentation pursuant to the Restatement of Torts (Second) §§ 282, 401, 552 during the negotiation of a short sale transaction between US Bank and the Plaintiffs when US Bank failed to inform the Plaintiffs how the account would be reported on their credit reports.

41. A bank or servicer has a duty of care to borrowers which is generally limited to the duty to disclose. Narramore v. HSBC Bank USA, N.A., 2010 WL 2732815, at 8 (D. Ariz. July 7, 2010) (citing Wells Fargp Credit Corp. v. Smith, 166 Ariz. 489, 803 P.2d 900 (Az. Ct. App. 1990).

42. Defendant, US Bank, has a duty to disclose to the Plaintiffs how it will report information relating to the mortgage accounts to the credit bureaus.

43. The duty was created by US Bank when the parties negotiated the disposition of property through short sale proceedings, and US Bank informed the Plaintiffs that

the account would be reported to the major credit bureaus as a "charge off" and that this method of reporting may have a negative impact on their credit rating.

44. US Bank did not inform the Plaintiffs that US Bank would report the account as an *unpaid* charge off, that it would continue to report a past due balance of $6,202, or a current unpaid balance of $66,332.

45. US Bank, during the course of business in which it has a pecuniary interest, supplied false information for the guidance of the Plaintiffs in the business transaction of selling the property through short sale proceedings.

46. US Bank is subject to liability for pecuniary loss caused to Plaintiffs by their justifiable reliance upon the information, because US Bank failed to exercise reasonable care or competence in obtaining or communicating the information.

47. US Bank breached its duty to disclose information to the Plaintiffs by only partially disclosing how it intended to report account information to the credit bureaus.

48. Further, this method of reporting is inaccurate because the Plaintiffs do not have any personal financial liability for the deficiency balance resulting from the short sale.

49. US Bank's breach of duty led the Plaintiffs to complete the transaction, and but for the partial disclosure the Plaintiffs would not have agreed to the terms because the method of credit reporting is inaccurate and has a lasting derogatory impact on their credit rating.

50. If US Bank had reported the account as simply a closed "charge off," the harm to

the Plaintiffs credit file and score would have recovered sufficiently from the short sale to enable them to maintain credit lines and the purchase and benefit from credit.

51. This breach has caused the Plaintiffs actual damages in the amount of no less than $250,000.00 through the loss of credit and loss of the ability to purchase and benefit from credit.

52. Plaintiffs are entitled to recovery from US Bank for these damages.

## THIRD CLAIM FOR RELIEF: FRAUDULENT OR INTENTIONAL MISREPRESENTATION

53. Plaintiffs re-allege and incorporates paragraph 1 through 52 above as fully set forth herein.

54. Defendant, US Bank, committed fraudulent or intentional misrepresentation pursuant to the Restatement of Torts (Second) § 531 during the negotiation of a short sale transaction between US Bank and the Plaintiffs when US Bank failed to inform the Plaintiffs how the account would be reported on their credit reports.

55. US Bank represented to the Plaintiffs that the mortgage account would be reported as a "charge off."

56. The representation was false because US Bank actually reported the account as an unpaid charge off with a unpaid balance.

57. US Bank included information regarding the credit reporting method because it is a material contractual term subject to negotiation.

58. US Bank knew or should have known the representation was false at the time the

representation was made because it has a standard method of reporting second mortgage account as an unpaid charge off with unpaid balances.

59. US Bank knew or should have known that it could not report the account as a charge off with any unpaid balance because the account is protected by Arizona's anti-deficiency statutes and US Bank has no recourse against the Plaintiffs beyond the sale of the collateral.

60. US Bank intended or had reason to know that the Plaintiffs would be influenced to proceed with the short sale transaction based on the fraudulent misrepresentation regarding the credit reporting.

61. The Plaintiffs did not know the representation was false, and in fact, believed the representation to be true.

62. The Plaintiffs had the right to reasonably and justifiably rely on the representation and completed the terms of the short sale proceedings.

63. The Plaintiffs have suffered pecuniary loss of no less than $250,000 as a result of the fraudulent misrepresentation because the creditor representation is continuing to cause them significant damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment.

64. Plaintiffs are entitled to recovery of these damages.

## FOURTH CLAIM FOR RELIEF: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

65. Plaintiffs re-allege and incorporates paragraph 1 through 64 above as fully set

forth herein.

66. Defendant, US Bank, breached the covenant of good faith and fair dealing which is implied in every contract in Arizona, and the "duty arises by virtue of the contractual relationship." Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565, 569 (1986).

67. US Bank and the Plaintiffs agreed to dispose of real estate property through short sale proceedings.

68. As part of the agreement, US Bank disclosed that it would report the mortgage accounts to the major credit bureaus; specifically, that it would report the second mortgage as a "charge off."

69. US Bank knew that reporting the account as a "charge off" was punitive because it would cause most parties to view and interpret the account as a foreclosure instead of a short sale.

70. US Bank knew that this method of reporting was inaccurate because the second mortgage was protected by Arizona anti-deficiency statutes and should not have been reported as a "charge off" but instead as "paid" or "paid was 90 days late" with a comment "settled for less than full balance."

71. US Bank was expected to report the account accurately to the major credit bureaus or in a manner that fairly represented the Plaintiffs' financial relationship with US Bank.

72. In the alternative, US Bank was expected to report the account in the manner stated in the short sale agreement.

73. US Bank breached its duty of good faith and fair dealing by reporting the account as an unpaid charge off with an unpaid balance.

74. In the alternative, US Bank breached its duty of good faith and fair dealing by failing to provide the Plaintiffs with a written statement evidencing the information US Bank actually reported to the major credit bureaus.

75. The Plaintiffs have a reasonable expectation to obtain evidence of compliance with the terms of a contract, specifically the method of credit reporting, and US Bank's perpetual failure to provide them with this information is a breach of the covenant of good faith and fair dealing.

76. The Plaintiffs have been harmed as a result of the creditor representation and US Bank's lack of cooperation because Plaintiffs continue to suffer from loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment.

77. The Plaintiffs did not receive the benefits of the bargain because they expected the account to report as a charge off.  Had the account been reported in this manner the Plaintiffs would not have suffered as significantly from the loss of credit and the continuing loss of the ability to purchase and benefit from credit because their credit rating would have improved with time.

78. In the alternative, US Bank exercised express discretion in a way that was inconsistent with the Plaintiffs' expectations by reporting the charge off account as unpaid, by additionally reporting the account with an unpaid balance, and by refusing to investigate or resolve the matter.

79. The Plaintiffs have suffered pecuniary loss of no less than $250,000 as a result of the US Bank's breach of the covenant of good faith and fair dealing because the creditor representation is continuing to cause them significant damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment.

## FIFTH CLAIM FOR RELIEF: SLANDER OF CREDIT

80. Plaintiffs re-allege and incorporates paragraph 1 through 79 above as fully set forth herein.

81. Defendants, Experian, Equifax, Transunion, and US Bank are liable to the Plaintiffs for Slander of Credit, a defamation claim. Snyder v. HSBC Bank USA, N.A., (D. Ariz. 2012) No. CV-12-0016-PHX-LOA, at 32 (citing Farrell v. Hitchin Post Trailer Ranch, 2011 WL 6057930, at 2 (Az. Ct. App. Dec. 6, 2011).

82. Defendants defamed the Plaintiffs by reporting on their credit reports that Plaintiffs had a second mortgage account that is an unpaid charge off with a past due balance of $6,202, and a current unpaid balance of $66,332.

83. The statement is false because the account was closed through short sale proceedings and no remaining sums are due or owing.

84. Defendant, US Bank, published this defamatory statement to the major credit bureaus and to third parties seeking to verify the information.

85. Defendants, Equifax, Experian, and Transunion, published this defamatory statement on the Plaintiffs consumer credit report to be viewed by entities seeking to extend credit, employment opportunities, etc.

86. All Defendants knew or should have known the statement was false, and acted in reckless disregard of whether the statement was true or false.

87. Plaintiffs informed the Defendants that the statement was false and harmful, regardless, Defendants continue to report the defamatory statements.

88. In the alternative, the Defendants negligently failed to ascertain the truth or falsity of the statement.

89. Plaintiffs have been harmed as a direct result of these false statements.

90. Plaintiffs experienced a short sale, but the method of reporting the short sale is inaccurate and has caused them, and continues to cause them actual and non-monetary damages of no less than $250,000 through the loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiffs demand judgment for compensatory and punitive damages against Defendants for no less than $250,000.00, for their attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 22nd day of January, 2014.

       /s/ Rochelle N. Belnap
Rochelle N. Belnap, Attorney at Law
Belnap & Forbes, PLLC
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, hereby affirm that on the 22nd day of January 2014, I caused the aforegoing **COMPLAINT** to be mailed to the following addresses via regular mail requesting waiver of service with proper postage by depositing same in the United States mail:

U.S. Bank, N.A., a subsidiary of U.S. Bancorp,
c/o CT Corporation System
2390 E. Camelback Rd.
Phoenix, AZ 85016

Equifax, Inc.
c/o Prentice-Hall Corp. System
2338 W Royal Palm Rd
Phoenix, AZ 85021

Experian Information Solutions, Inc.
c/o CT Corporation System
3225 N. Central Ave.
Phoenix, AZ 85012

Trans Union, LLC
c/o Prentice-Hall Corp. System
2338 W Royal Palm Rd
Suite J
Phoenix, AZ 85021

By:     /s/ Rochelle N. Belnap

VERIFICATION

I, Brett Stapleton, Plaintiff, hereby verify that I have read the foregoing Complaint; that the facts as stated therein are true of my own knowledge except as to those matters and things stated upon information and belief and, as to those, I believe them to be true.

    /s/ Brett Stapleton _____

VERIFICATION

I, Monica Stapleton, Plaintiff, hereby verify that I have read the foregoing Complaint; that the facts as stated therein are true of my own knowledge except as to those matters and things stated upon information and belief and, as to those, I believe them to be true.

    /s/ Monica Stapleton _____